[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13979
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00123-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MORGAN DIETCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2021)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Michael Dietch, proceeding pro se, appeals the district court's denial of his

motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as

amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194

("First Step Act").  Dietch, a medical doctor, pleaded guilty in 2016 to knowingly and intentionally dispensing and distributing controlled substances outside the usual course of professional practice and for other than legitimate medical purposes in violation of 21 U.S.C. § 841(a)(1), and is currently serving a sentence of 135 months' imprisonment.  While Dietch has been incarcerated, the district court has considered, and denied, Dietch's request to reduce his sentence or for compassionate release three times -- on an emergency basis in April 2020, on reconsideration in May 2020, and again after Dietch filed a new motion in October 2020.  In this appeal, Dietch argues that his October 2020 motion for compassionate release was improperly denied because: (1) the district court abused its discretion by not considering the merits of the motion; and (2) the district court erroneously found that he had failed to exhaust administrative remedies.  After thorough review, we affirm.

We review motions for compassionate release under § 3582(a)(1)(A), as amended by the First Step Act, for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position.  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings.  United

2

States v. Barrington, 648 F.3d 1178, 1194 (11th Cir. 2011).  A finding of fact is clearly erroneous only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  Id. at 1195 (quotation omitted).

To reverse a district court order that is based on multiple, independent grounds, a party must convince us "that every stated ground for the judgment against him is incorrect."  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  Id.; United States v. Maher, 955 F.3d 880, 885 (11th Cir. 2020) (applying this principle in the criminal context).  While pro se pleadings are liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), an argument raised for the first time in a reply brief is considered abandoned.  United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  When Congress enacted the First Step Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate release of federal prisoners.  See First Step Act § 603(b).  Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or
> upon motion of the defendant after the defendant has fully exhausted

3

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director. See First Step Act § 603(b). We've recently recognized that the exhaustion requirement found in the current version of § 3582(c)(1)(A) is a "claim-processing rule," is not jurisdictional, and imposes a requirement on prisoners before they may move in court on their own behalf. Harris, 989 F.3d at 911.

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. U.S.S.G. § 1B1.13; see also 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant, 996 F.3d 1243,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

4

__ (11th Cir. 2021) (holding that "1B1.13 is still an applicable policy statement for a [§] 3582(c)(1)(A) motion, no matter" whether BOP or the prisoner files it; "[a]ccordingly, district courts may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13"). Under the policy statement, the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. See U.S.S.G. § 1B1.13; id., comment. (n.1).

Here, the district court did not abuse its discretion in denying Dietch's October 2020 motion for compassionate release. Dietch primarily argues on appeal that the district court did not review the motion on the merits. However, the record reflects that when the court ruled on the October 2020 motion, it issued an "endorsed order," "den[ied]" the instant motion and directed the parties to "[s]ee order previously entered," citing the April 2020 order. In so doing, the district court signaled that it was denying the October 2020 motion for the same reasons on the merits that it denied his April 2020 motion. Thus, we are unpersuaded by Dietch's argument that we must remand the motion to the district court for a consideration on the merits.

To the extent that Dietch challenges the merits of the district court's ruling, he has only challenged one ground on appeal -- the district court's finding that he failed to exhaust administrative remedies. Importantly, however, his failure to

5

challenge the other <u>two</u> independent bases of the court's denial of his motion -- that the § 3553(a) factors weighed against his release and that he failed to show extraordinary and compelling reasons -- is a basis for affirming in and of itself, and we need not address the merits of the district court's denial. <u>Maher</u>, 955 F.3d at 885; <u>Sapuppo</u>, 739 F.3d at 680. In any event, we would not consider Dietch's arguments that his health problems and § 3553(a) factors weighed in favor of his release, since he raised them for the first time in his reply brief. <u>Levy</u>, 379 F.3d at 1244. Accordingly, we affirm.

   **AFFIRMED**.